Filed 11/25/25  Zhang v. Chu CA2/8
Opinion following rehearing

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| YAN ZHANG, as Successor-in-interest, etc., | B333356 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV00777) |
| v. | |
| EMMELYN CHU, as Trustee, etc., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Michael Small, Judge.  Affirmed.

Yan Zhang, in pro. per., for Plaintiff and Appellant.

Chang & Lee, Grace Lea Chang, and Li Chen for Defendant and Respondent.

_____

Yan Zhang, as successor-in-interest for plaintiff Hinton Shih, appeals from the trial court's judgment entered after the court granted summary judgment in favor of Emmelyn Chu in her personal capacity and as the trustee of the Emmelyn Chu

Living Trust. Zhang contends the court erred in granting summary judgment in Chu's favor because disputed issues of material fact exist in the parties' litigation. Zhang, however, has not supplied us with critical portions of the trial court record, including any pleading or any of the papers or evidence for the summary judgment motion. Therefore, we cannot evaluate whether the court correctly found no disputed issues of material fact exist as to any of the causes of action. Because we must presume the court's ruling was correct in the absence of a showing to the contrary, we affirm.

We presume that an appealed judgment is correct. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*).) To overcome this presumption, the appellant must affirmatively demonstrate error and provide an adequate record on appeal. (*Ibid.*) We will make all presumptions in favor of the trial court's ruling " '[i]n the absence of a contrary showing in the record.' " (*Ibid.*) If any evidence, arguments, or other matters could have been presented to the trial court that would have justified the challenged ruling, we will presume those matters were presented. (*Ibid.*) It follows from this rule that if the record is inadequate for meaningful review, the appellant defaults, and we will affirm the trial court's ruling. (*Ibid.*) It is, therefore, the appellant's burden to provide an adequate record, and her failure to do so requires the reviewing court to resolve the appeal against her. (*Ibid.*)

Here, the appellate record includes only a copy of the trial court's register of actions, the judgment, and a minute order in which the court approved Chu's proposed judgment. Although the judgment explains why the court granted summary judgment in Chu's favor, the record lacks any other documents related to

the proceedings on Chu's summary judgment motion.  For instance, the record does not include copies of the operative pleading, Chu's motion for summary judgment, Chu's separate statement, any evidence Chu submitted in support of her summary judgment motion, Zhang's opposition to summary judgment, Zhang's response to Chu's separate statement, or any evidence Zhang submitted in support of her opposition.  Zhang's brief also includes no citations to the record.

Zhang has attached to her opening brief what appears to be a declaration from Shih's sister, discussing Shih's relationships with Zhang and Chu.  But that declaration is dated September 16, 2023, which was *after* the court granted Chu's summary judgment motion and entered judgment in Chu's favor.  Nothing in the record indicates the declaration was filed below or considered by the court before it ruled on Chu's summary judgment motion.  We therefore do not consider the declaration attached to Zhang's opening brief.  (See *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 [the appellate court typically will consider only matters that were part of the record when the judgment was entered].)

"[T]he resulting lack of a verbatim record of [trial court proceedings] will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court."  (*Jameson*, *supra*, 5 Cal.5th at p. 608.)  That is the case here.  Without copies of the complaint or any of the summary judgment papers that were filed below, including Chu's motion, Chu's separate statement, Chu's supporting evidence, Zhang's opposition, and any evidence Zhang submitted in opposition to summary judgment, we lack a record of what occurred below in connection with Chu's summary judgment

3

motion, aside from the judgment explaining why the court granted the motion.  We therefore cannot evaluate whether the court correctly found there were no disputed issues of material fact as to any of the causes of action asserted in the operative pleading.  (See *Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476 [a trial court may grant summary judgment where no triable issues of material fact exist and the moving party is entitled to judgment as a matter of law].)  Because we cannot meaningfully review the court's decision to grant summary judgment in Chu's favor, we must presume the record supports that decision and affirm the judgment.  (*Jameson*, at p. 609.)

## DISPOSITION

The judgment is affirmed.  Chu shall recover her costs on appeal.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.

WILEY, J.

4